JAMES SIM, Claimant, *v.* THE STATE OF NEW YORK, Defendant.

(Claim No. 20207.)

Court of Claims, December 2, 1931.

*John P. Judge,* for the claimant.

*John J. Bennett, Jr., Attorney-General [Joseph I. Butler* and *John M. Dooley, Deputy Assistant Attorneys-General,* of counsel], for the defendant.

BARRETT, P. J.   This claim was filed pursuant to chapter 479 of the Laws of 1929, as amended by chapter 736 of the Laws of 1930, which statutes authorized this court to hear and determine claims of canal laborers, workmen and mechanics against the State arising out of the failure of the State to pay claimants the prevailing rates of wages.

Claimant was, as a result of a civil service examination, employed by the State as an inspector of engineering work at a salary of $1,800, which was later increased to $1,820, annually.   His contention, in brief, is that the work which he performed was similar to that of foreman of masons, the prevailing rate of wages for which work was higher than that received by claimant.

The State, on the other hand, claims that the work performed by claimant did not qualify him as a workman, laborer or mechanic within the meaning of those terms as used in the law.

I agree with the State's contention.   As an incident of his work, claimant at times engaged in some manual labor, but in my judgment that did not change the nature of his work, which was that of inspection, which has been defined in substance as securing by supervision the proper performance of work or ascertaining by examination the quality or condition of work.   Such services as

performed by claimant do not in my opinion qualify him as a work-man, laborer or mechanic within the accepted definitions of those terms.

Nor do I think that his work was that of foreman of masons. Such an occupation implies somewhat greater authority over men working under him than claimant possessed over employees who were for the most part not even employed by the State.

The claim, therefore, must be dismissed.

PARSONS, J., concurs.